IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMOND CHARLES ROBERTS,

        Plaintiff,

vs.                                  Case No. 14-4098-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

On October 25, 2013, plaintiff filed a pro se civil complaint seeking payment of his social security retirement benefits; his payments were suspended due to his incarceration (Case No. 13-1397-JTM, Doc. 1). On January 14, 2014, the court dismissed plaintiff's case without prejudice because plaintiff failed to allege that he had received a final decision of the Commissioner of Social Security; therefore the court lacked subject matter jurisdiction (Doc. 14).

On April 21, 2014, plaintiff again filed a pro se civil complaint seeking the identical remedy (Case No. 14-4030-RDR, Doc. 1). On September 18, 2014, the court again dismissed plaintiff's case for lack of subject matter jurisdiction because plaintiff failed to allege that he had received a final decision of the Commissioner of Social Security (Doc. 11).

Plaintiff filed the present action of October 15, 2014, asserting the identical claim to that previously asserted in the above two cases which were dismissed by the court. Again, plaintiff has not alleged that he has exhausted his administrative remedies and received a final decision from the Commissioner of Social Security. Therefore, this court lacks subject matter jurisdiction, and the complaint should be dismissed.

The court also finds it necessary to impose filing restrictions upon the plaintiff. It is well-established that the right of access to the courts in neither absolute nor unconditional. Pro se litigants, who are not deterred from frivolous filings by the threat of mounting attorney's fees, can compromise the interests of justice when the court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Federal courts, therefore, have inherent power to impose necessary and appropriate restrictions upon a party in aid of jurisdiction. An injunction may be appropriate where the court sets forth the litigant's abusive and lengthy history, gives the litigant notice and opportunity to be heard, and makes clear the requirements the plaintiff must meet to obtain permission to file an action. When considering the appropriateness of an injunction, the Court must consider the following five factors: (1) the litigant's history of

litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.  The central question is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.  <u>United States of America v. Siebert</u>, Case No. 11-10098-EFM (D. Kan. May 14, 2014, Doc. 108 at 4-5).

The court has reviewed the enumerated factors and answered the ultimate question in the affirmative.  Plaintiff has now filed the identical action on three occasions in the past year; despite the first two being dismissed, plaintiff has now filed the same action for a third time.  The three lawsuits are duplicative, and plaintiff has no good faith expectation of prevailing.  Plaintiff is not represented by counsel.  These lawsuits pose an unnecessary burden on the courts, the defendant, and their personnel.  Finally, the court is imposing a limited sanction that it believes is necessary to protect the resources of the court and the defendant.

The court will hereby enjoin plaintiff, proceeding pro se, from filing any new lawsuit, concerning, in any manner, the subject matter of Case No. 13-1397, Case No. 14-4030, or Case No. 14-4098 against the Commissioner of Social Security without first obtaining leave from the court.  Plaintiff shall submit any proposed complaint to the Clerk of the Court, who shall forward it to a judge of this court for a determination of whether the pleadings are lacking in merit, duplicative, or frivolous.  The court will either allow the filing of the complaint, or issue an order denying it.

Because the court is imposing these restrictions sua sponte, the court will permit plaintiff to file objections to the court's provisional restrictions.  Defendant is not required to file any objections, but if he chooses to do so, they are due on or before November 6, 2014.  If defendant does not file any objections, the provisional filing restrictions will take effect on November 7, 2014.

IT IS THEREFORE ORDERED that plaintiff's complaint (Doc. 1) is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that, absent the filing of an objection on or before November 6, 2014, the following injunction shall become effective on November 7, 2014:

1. Unless defendant obtains leave from the court, plaintiff, Raymond Charles Roberts, is ENJOINED from making from filing any

new lawsuit, pro se, in the United States District Court for the District of Kansas concerning, in any manner, the subject matter of Case No. 13-1397, Case No. 14-4030, or Case No. 14-4098 against the Commissioner of Social Security.

2. Plaintiff shall submit any proposed complaint to the Clerk of the Court, who shall forward it to a judge of this court for a determination of whether the complaint is lacking in merit, duplicative, or frivolous. The court will either allow the filing of the complaint, or issue an order denying it.

A copy of this order shall be mailed to plaintiff by certified mail, return receipt requested, and by regular mail. A copy of this order will also be mailed to the U.S. Attorney's Office in Topeka, Kansas.

Dated this 22nd day of October 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge